UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN MARTINO,

                **Plaintiff,**

-against-                                            07-CV-0941

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                **Defendant.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff John Martino is a prevailing party in this action which sought judicial review of the Commissioner's denial of Social Security Disability benefits.[1] See Consent Order to Remand [dkt. #13]. Plaintiff's attorney, Stephen J. Mastaitis, Esq., petitions this Court for attorneys fees in the amount of $3,048.35 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner opposes the motion as untimely, and alternatively moves for the award to be payable to Plaintiff, instead of his counsel.

---

[1] On June 25, 2008, Plaintiff obtained a favorable judgment from this Court remanding his claim for disability insurance benefits to the Commissioner of Social Security for further proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g) of the Social Security Act. A party who obtains a remand to the Commissioner qualifies as a "prevailing party" for purposes of the Equal Access to Justice Act, 28 U.S.C. § 24123(d). Shalala v. Shaefer, 509 U.S. 292, 301-02 (1993).

1

**II.     DISCUSSION**

Fees may be awarded by this Court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  This statute provides, in pertinent part, that "[a] party seeking an award of fees and other expenses *shall, within thirty days of final judgment* in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B) (emphasis added).

Plaintiff has complied with the statute to the extent that he (1) submitted an application for attorneys fees; (2) stated that he is the prevailing party; (3) demonstrates eligibility to receive an award by way of his net worth; (4) alleged that the position of the United States was not substantially justified; and (5) included an itemized statement of time spent and the rate at which fees are computed.  See Plaintiff's Petition for Attorny [sic] Fees [dkt. #15].  None of these factors have been refuted by the Commissioner.

The threshold determinations here are (1) whether Plaintiff's application was timely; and (2) whether the fees provided under the EAJA may be awarded to Plaintiff's counsel, rather than directly to Plaintiff.

   **a.     Timeliness of Plaintiff's EAJA fee application**

The EAJA provides that the application for fees shall be submitted within thirty days

of a final judgment, which the statute defines as final and not appealable.  28 U.S.C. § 2412(d)(1)(B), (d)(2)(g); see Fed. Election Comm'n v. Political Contributions Data, Inc., 995 F.2d 383, 385 (2d Cir. 1993).  The Second Circuit has recognized that where no judgment has been entered, there is no final judgment, and the thirty-day EAJA fee application period cannot have expired.  Casey v. Long Island R.R., 406 F.3d 142, 147-48 (2d Cir. 2005) (quoting Shalala v. Schaefer, 509 U.S. 292 (U.S. 1993)).  On the other hand, "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received" will be considered a final judgment, and the thirty-day fee application period will only accrue "after the time to appeal that 'final judgment' has expired."  United States v. 27.09 Acres of Land, 1 F.3d 107, 111 (2d Cir. 1993) (quoting Melkonyan v. Sullivan, 501 U.S. 89 (U.S. 1991) (describing as premature an EAJA application filed before entry of a final judgment and denying the district court subject matter jurisdiction)).

Unlike the Minute Order in 27.09 Acres of Land which did not dismiss the matter, the judgment entered on June 25, 2008 by this Court (see Judgment in a Civil Case [dkt. # 14]) has the "finality of the type required by the EAJA and Melkonyan."  27.09 Acres of Land, 1 F.3d at 111.  Further, the Consent Order that accompanied the Judgment specifically recognized Melkonyan as part of the dismissal of the Commissioner's administrative decision.  See Consent Order to Remand [dkt. # 13].  Accordingly, the EAJA application is not premature, and this Court has subject matter jurisdiction to award fees.  The next determination is whether the application for fees was timely.

The thirty-day fee application period under the EAJA will accrue at the time the court's judgment is entered unless the party maintains the right to appeal.  See 27.09 Acres of Land, 1 F.3d at 111.  A party wishing to appeal a judgment as of right where the

3

United States is a party to the action has sixty days after the judgment or order appealed from was entered in which to do so. FED. R. APP. P. 4(a)(1)(B). Because the EAJA fee application period is not triggered until a final judgment is no longer able to be appealed, the thirty-day EAJA period will not actually accrue until *after* the sixty-day period to appeal as of right has elapsed. See 27.09 Acres of Land, 1 F.3d at 111.

This Court is also obligated to apply "traditional equitable principles" when it rules on an EAJA counsel fees application. Oguachuba v. Immigration & Naturalization Service, 706 F.2d 93, 98 (2d Cir. 1983). Accordingly, an equitable toll may apply in some circumstances to delay accrual of the EAJA application period. Tolling has been applied in cases such as where the Plaintiff "actively pursued judicial remedies," or where some factor "prevented [Plaintiff] from proceeding in a timely fashion." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (ruling that equitable tolling is inappropriate when Plaintiff failed to timely file a complaint with the Equal Employment Opportunity Commission). A district court must also consider whether the applicant for a toll (1) has "acted with reasonable diligence during the time period she seeks to have tolled," and (2) proves that the circumstances are so extraordinary that tolling should apply. Id. at 80-81. The Court does not find that this extraordinary doctrine applies here.

On June 25, 2008, this Court entered a final judgment in this case. Under the EAJA and Melkonyan, the thirty-day fee application period is triggered only when the time to appeal a final judgment has run. Therefore, Plaintiff had until September 25, 2008 to seek an award of EAJA fees. Plaintiff, however, did not seek these fees until October 22, 2008, nearly a month after the EAJA thirty-day period elapsed. See Plaintiff's Petition for Attorny [sic] Fees [dkt. #15]. Accordingly, because the application pursuant to the EAJA is

4

not timely, Plaintiff is not entitled to an award of EAJA fees.

  **b.**  **Appropriateness of an EAJA fee award to Plaintiff's counsel**

Assuming *arguendo* that the Plaintiff's application for an award of EAJA fees was timely, the EAJA provides that it is the *prevailing party* who is entitled to costs or fees. 28 U.S.C. § 2412(d) (emphasis added). The Second Circuit has recognized a distinction between the prevailing party and *counsel* for the prevailing party. Oguachuba, 706 F.2d at 97-98 (denying attorneys fees to counsel under the EAJA).[2] The Hon. Glenn T. Suddaby of the Northern District recently underscored the validity of the Oguachuba rule. See Bagley v. Comm'r of Soc. Sec., No. 6:02-CV-0285, 2008 WL 3925632, at *4 (N.D.N.Y. Aug. 20, 2008) ("[T]he unambiguous wording of the statute requires attorney's fees be paid to the plaintiff, not his attorney. To hold otherwise simply because of dissatisfaction with the result would be to impermissibly enter the realm of Congress."). Thus, even if timely made, the motion in its present form must be denied.

### III. CONCLUSION

Plaintiff's motion for an award of $3,048.35 in costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) is **DENIED**.

---

[2] In Oguachuba, the Second Circuit wrote:

"We note at the outset that the statute allows an award of 'fees and other expenses' to the 'prevailing party' whereas the original application for attorneys' involved in the instant appeal was made in the name of Oguachuba's counsel. The claim that a denial of attorneys' fees penalizes the lawyer but not the client exhibits a fundamental confusion about the nature of that relationship both in our legal system and under the EAJA. Whether an award of attorneys' fees under the Act ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client. A retainer or similar agreement may provide for payment of counsel as the litigation proceeds, an award of fees reimbursing a client. Other arrangements may condition part or all of a fee upon the outcome or upon an award by the court. Under the circumstances and given the statutory language, we believe that counsel has no standing to apply to the public fisc for payment. If the instant appeal were simply based upon the application filed by [Plaintiff's] lawyer in his own behalf, we would thus be forced to dismiss."

**IT IS SO ORDERED**

DATED: January 9, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge